Aidan W. Butler (SBN 208399)
3550 Wilshire Boulevard, Suite 1924
Los Angeles, California 90010
Telephone: (213) 388-5168
Telecopier: (213) 388-5178
tocontactaidan@gmail.com

Attorneys for Plaintiff HOVHANNES MARKOSYAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOVHANNES MARKOSYAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HUNTER WARFIELD, INC., a Florida corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**1) THE FAIR DEBT COLLECTION PRACTICES ACT;**<br><br>**2) THE ROSENTHAL ACT;**<br><br>**3) THE FAIR CREDIT REPORTING ACT; AND**<br><br>**4) THE CONSUMER CREDIT REPORTING AGENCIES ACT.**<br><br>**DEMAND FOR JURY TRIAL.** |

## I. JURISDICTION AND VENUE.

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

2. Venue in this District is proper in that Plaintiff's claim arose in this District.

/ / /

/ / /

## II. THE PARTIES.

3. The plaintiff, HOVHANNES MARKOSYAN ("Plaintiff"), is a natural person.  At all relevant times, he resided in Los Angeles, California.

4. Defendant HUNTER WARFIELD, INC. (hereinafter "HW"), is, and at all times relevant herein was, a Florida corporation with its principal place of business at 4620 Woodland Corporate Blvd., Tampa, Florida 33614.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities  of such defendants when they have been ascertained.  Plaintiff is informed and believes that each of the defendants designated herein as a DOE was in some manner responsible for the occurrences and injuries alleged herein.

6. At all times mentioned herein, each of the defendants was the agent and employee of the other named defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining defendants.  All actions of each of the defendants were ratified and approved by the other named defendants.

7. Defendants are debt collectors, as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6), and as defined by California Civil Code section 1788.2( c).

## III. FACTUAL ALLEGATIONS.

8. Plaintiff, who is not a minor, rented and resided in an apartment in Southern California  managed and/or owned by a company known as "Heritage."  Plaintiff provided a security deposit to the Heritage prior to taking possession of the premises.

COMPLAINT

9. Pursuant to California law,[1] a tenant can ask the landlord to inspect the rental unit before the tenancy ends. During this "initial inspection," the landlord or the landlord's agent must identfy defects or conditions that justify deductions from the tenant's security deposit. This gives the tenant the opportunity to do the identified cleaning or repairs in order to avoid deductions from the security deposit. The tenant has the right to be present during the inspection.

10. Before Plaintiff vacated his apartment, the Heritage acknowledged its obligation to  provide an initial inspection, and Plaintiff unambiguously and timely requested the initial inspection.   However, the Heritage refused to provide an initial inspection.   Further, Heritage failed to provide an itemized list of purported damages to Plaintiff before he vacated the premises, and failed to provide Plaintiff with an opportunity to make repairs, as required under California law.[2]

11. After Plaintiff vacated the premises, the Heritage contacted HW to collect a debt allegedly owed by Plaintiff representing alleged repairs to the premises.  The debt was invalid, however, since it consisted of repairs which would necessarily have been disclosed during the initial inspection, and also because the Heritage had included in the purported repair costs ordinary wear and tear, which cannot under California law be withheld from the security deposit.

12.  HW contacted Plaintiff by written correspondence dated September 9, 2016.  That letter claimed an amount due of $1,630.66.   Fewer than 30 days later, on October 5, 2016, Plaintiff replied to HW, disputing the alleged debt and seeking validation of the debt claimed by HW.

13. On October 13, 2016, HW replied, indicating that it needed additional time to comply with the request for "verification" [sic].   This time, HW indicated a slightly higher amount due: $1,632.22.   Further, HW indicated, "we have suspended

[1]   Civil Code section 1950.5(f)(1)

[2]   Civil Code sections 1950.5(f)(2) - (3)

3

COMPLAINT

collection activity and credit reporting on the above-referenced account until we can properly validate the debt."

14. Despite this assurance, HW, in a further attempt to collect the debt, then reported the as an outstanding obligation owed by Plaintiff to the major consumer reporting agencies.  The item appeared as a blemish on Plaintiff's credit reports.

15. On January 10, 2017, having heard nothing more from HW, Plaintiff wrote to HW again, communicating his conclusion that HW was unable to validate the debt.

16. From a Trans Union credit report obtained April 25, 2017, however, Plaintiff discovered that HW had updated its credit reporting to that agency on March 26, 2017, and reported an outstanding obligation of $1,683.00.

17. Plaintiff's Experian credit report contained the HW blemish as well, with a notation that it was "first reported" in March, 2017, despite the assurances in HW's letter of October 13, 2016.   HW did not finally purport to provide verification of the debt to Plaintiff until June 20, 2017.

18. Plaintiff disputed the HW credit blemish with the credit reporting agencies in or around May, 2017, specifically and accurately identifying the reasons the information furnished by HW was misleading, incomplete, and inaccurate.  The reporting agencies, including Trans Union, promptly conducted reinvestigation, in the process of which they contacted HW through ACDVs.  The ACDV forms provided HW with a description of the nature of Plaintiff's dispute, and also provided HW with a copy of Plaintiff's letter(s).   Nevertheless, HW verified the negative information without conducting a reasonable inquiry, or any meaningful inquiry at all.

19.  As a result of the Defendants' conduct, as alleged above, Plaintiff has suffered damages including the following, among other things:

a) Decreased credit ratings and creditworthiness;

b) Actual monetary damages relating to closed credit lines and/or reduced

COMPLAINT

credit limits, and missed credit opportunities;

c) Out of pocket losses incurred as a result of Plaintiff's inability to use his credit where it was needed, as well as out of pocket expenses incurred in dealing with his emotional distress; and

d) Emotional and mental distress not just triggered by the negative credit reporting and unfair and abusive debt collection, but also stemming from Plaintiff's futile efforts to correct his unfairly and inaccurately blemished credit.

## FIRST CLAIM FOR RELIEF

(For Violations of the FDCPA Against HW and DOES 1 through 5, inclusive)

20. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 19 above.

21. Defendants, and each of them, violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10);

b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f;

c) Communicating false information to credit reporting agencies, in violation of 15 U.S.C. §1692e(8) and California Civil Code section 1788.17;

d) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1692f(1); and

e) Continuing to take action to collect the debt after receiving a request for validation but before providing validation, in violation of 15 U.S.C. §1692g(b).

22. As a direct and proximate result of the above violations of the FDCPA, Plaintiff has suffered actual damages, including but not limited to feelings of

COMPLAINT

1   anguish, frustration, humiliation, anxiety, and stress, among other things.  For that
2   reason, Defendants, and each of them, are liable to Plaintiff for declaratory judgment
3   that defendants' conduct violated the FDCPA, and Plaintiff's actual damages,
4   statutory damages, costs and attorney's fees, should Plaintiff retain counsel.

5
6                        **SECOND CLAIM FOR RELIEF**
7   (For Violations of the Rosenthal Act Against HW and DOES 1 through 5, inclusive)
8          23. Plaintiff repeats and reincorporates by reference the paragraphs 1 through
9   22 above.
10         24. Defendants, and each of them, knowingly and wilfully violated
11  California's Rosenthal Fair Debt Collection Practices Act (hereinafter the "Rosenthal
12  Act").  Defendants' violations include, but are not limited to, the following acts
13  performed in attempting to collect a consumer debt:
14         a) Using false representations and deceptive means to collect or attempt to
15  collect a debt, in violation of 15 U.S.C. §1692e(10) and California Civil Code
16  section 1788.17;
17         b) Using unfair and/or unconscionable means to collect an alleged debt, in
18  violation of 15 U.S.C. §1692f and California Civil Code section 1788.17;
19         c) Communicating false information to credit reporting agencies, in violation
20  of 15 U.S.C. §§1692e(8) and California Civil Code section 1788.17;
21         d) Attempting to collect an amount (including any interest, fee, charge, or
22  expense incidental to the principal obligation) not expressly authorized by the
23  agreement creating the purported debt or permitted by law, in violation of 15 U.S.C.
24  §1992f(1) and California Civil Code section 1788.17; and
25         e) Continuing to take action to collect the debt after receiving a request for
26  validation but before providing validation, in violation of 15 U.S.C. §1692g(b) and
27  1788.17.
28         25. As a result of defendants' violations of the Rosenthal Act, pursuant to

6

COMPLAINT

Civil Code section 1788.30, Plaintiff is entitled to actual damages, statutory damages, costs of suit and attorney's fees, should Plaintiff retain counsel.

### THIRD CLAIM FOR RELIEF

(For Violations of the Fair Credit Reporting Act Against HW
and DOES 1 through 5, inclusive)

26. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 25 above.

27. Plaintiff is a "consumer," as defined by the Fair Credit Reporting Act ("FCRA") section 603, codified at 15 U.S.C. §1681a(c).

28. HW is a "person," as defined by the FCRA section 603, codified at 15 U.S.C. §1681a(b); and Experian, TransUnion, and Equifax are consumer reporting agencies, as defined the FCRA section 603, codified at 15 U.S.C. §1681a(f).

29. HW and Does 1 through 5, inclusive, violated the FCRA by reporting inaccurate and misleading information to the consumer reporting agencies – namely, that Plaintiff owed HW an amount, exceeding $1,600.00.  This information was inaccurate in that it reflected liability which did not exist. Further, the information was misleading in that it meant Plaintiff had an on-going – but unsatisfied – obligation to pay approximately $1,600.00, when in fact Plaintiff had no such obligation.   The inaccurately reported derogatory information suggested that Plaintiff was not creditworthy, and did not honor his own financial obligations.

30. Plaintiff properly disputed – and requested verification of – the alleged debt by written communication with major consumer reporting agencies, which in turn contacted HW in conducting their reinvestigations.

31. HW failed to conduct a proper investigation of the Plaintiff's dispute, failed to review information available to it, and failed to review all of the information purportedly  provided to it by the credit reporting agencies, in violation of 15 U.S.C. §§1681s-2(b)(A) and 1681s-2(b)(B).

32. Despite knowing – or having reasonable cause to know – that Plaintiff's claims were truthful, and that the alleged debt was invalid, HW verified the debt repeatedly, including to consumer reporting agencies, in violation of 15 U.S.C. §1681s-2(a).

33. Further, HW initially failed to note that the debt was disputed, despite being aware of that fact, in violation of 15 U.S.C. §1681s-2(a)(3).

34. As an additional violation of the Fair Credit Reporting Act, at various times within the past year, HW obtained a copy of Plaintiff's consumer report from one or more of the three major consumer reporting agencies.

35. At that time, HW's use of the credit report was impermissible, in that HW did not have a relationship with HW as defined under 15 U.S.C. §1681b(a)(3)(A) - (G).  HW's use was not permissible under 15 U.S.C. §1681b(a)(3)(A) because, neither HW nor its principal was owed a valid debt by Plaintiff.

36.  At no time relevant to this complaint did Plaintiff give HW permission or instructions to obtain his consumer report.

37. Nor did any court of competent jurisdiction ever order Plaintiff's consumer reports to be furnished to HW.

38. HW and its employees are prohibited from obtaining consumer reports under false pretenses, pursuant to 15 U.S.C. §1681q.

39. HW was and is required to establish and maintain reasonable procedures to prevent its facilities from being used to obtain consumer reports under false pretenses, under 15 U.S.C. §1681b(f).

40. HW failed to establish procedures that would prevent its facilities from being used to obtain a consumer report under false pretenses.

41. HW willfully obtained the information contained in Plaintiff's consumer report from one or more of the major consumer reporting agencies under false pretenses, and/or for an impermissible purpose.

42. Based upon the foregoing. Plaintiff is entitled to damages statutory and/or

COMPLAINT

actual damages, punitive damages, and attorney's fees under 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

43. Plaintiff has suffered actual damages as a direct result of HW's misconduct, including – but not limited to – mental anguish and suffering, inconvenience, humiliation, frustration, anger, loss of sleep, and anxiety. Further, Plaintiff has been denied credit opportunities as a direct and proximate result of HW's erroneous derogatory credit reporting.

44. Under 15 U.S.C. §1681o, HW is liable to Plaintiff for attorney's fees, costs, and actual damages. Further, since HW's violations were willful, HW is liable for statutory damages and punitive damages under 15 U.S.C. §1681n(a).

## FOURTH CLAIM FOR RELIEF

(For Violations of the Consumer Credit Reporting AgenciesAct Against HW and DOES 1 through 5, inclusive)

45. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 44 above.

46. All of the named Defendants violated the Consumer Credit Reporting Agencies Act ("CCRAA") – in particular, Civil Code section 1785.25, inter alia – which states at subparagraph (A), "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

47. All of the Defendants knew or should have known based upon Plaintiff's disputes and/or the information and/or documents provided to them by the reporting agencies – and by their own investigation – that the negative information they were furnishing about Plaintiff was incomplete, misleading and inaccurate.

48. Plaintiff properly disputed – and requested reinvestigation of – the alleged debt by written communication with major consumer reporting agencies – including Experian.

COMPLAINT

49.  Defendants, and each of them, failed to conduct a proper investigation of Plaintiff's dispute, and failed to review all of the information provided to them both by Plaintiff and by the credit reporting agencies.

50. Despite knowing – or having reasonable cause to know – that Plaintiff's claims were truthful, and that the alleged debt was invalid, the Defendants repeatedly and willfully verified the alleged debts.

51. Further, the Defendants initially failed to note that the debts they were furnishing information about were disputed, despite being aware of that fact.

52.  Plaintiff has suffered actual damages as a direct result of the Defendants' misconduct, including – but not limited to – being denied credit solely because of Defendants' erroneous information, and mental distress including anguish and suffering, inconvenience, humiliation, frustration, anger, loss of sleep, hopelessness and despair, harm to his personal relationships, indignity, stress, and anxiety.

53. Under Civil Code section 1783.31, the Defendants are liable to Plaintiff for attorney's fees, costs, punitive damages, and actual damages.

WHEREFORE, Plaintiff requests that judgment be entered in his favor against the defendants as follows:

1. Statutory damages, pursuant to 15 U.S.C. section 1692k(a)(2) and/or Civil Code section 1788.30(b), and/or Civil Code section 1785.31;

2. Actual damages, pursuant to 15 U.S.C. section 1692k(a)(1) and/or Civil Code section 1788.30(a) and/or 15 U.S.C. §1681o, and/or Civil Code section 1785.31;

3. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. section 1692k(a)(3), and/or Civil Code section 1788.30(c) and/or Code of Civil Procedure section 490.020, and/or 15 U.S.C. §1681o, and/or Civil Code section 1785.31;

4. Punitive and/or exemplary damages, under 15 U.S.C. section 1681n(a), and/or Civil Code section 1785.31;

COMPLAINT

5. General damages, in an amount subject to proof at trial; and

6. Such other and further relief as the Court deems just and proper.

PLEASE TAKE NOTICE that Plaintiff HOVHANNES MARKOSYAN requests a trial by jury.

DATED: July 20, 2017                    Respectfully submitted,

                                        By: _____
                                            Aidan W. Butler
                                            Attorney for Plaintiff
                                            HOVHANNES MARKOSYAN

COMPLAINT